**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**ANTHONY S. CHURCHWARD**
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BILLYE D. GAULDEN, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | No. 02A04-1212-CR-651 |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM ALLEN SUPERIOR COURT
The Honorable Frances C. Gull, Judge
Cause No. 02D06-1202-FB-37

**December 31, 2013**

**MEMORANDUM DECISION ON REHEARING - NOT FOR PUBLICATION**

**MAY, Judge**

Billye Gaulden petitions for rehearing in *Gaulden v. State*, 02A04-1212-CR-651 (Ind. Ct. App. September 18, 2013), wherein we affirmed his conviction of Class B felony robbery. As part of his argument on appeal, Gaulden contended the trial court abused its discretion when it admitted testimony regarding Gaulden's threatening phone call to a prosecution witness. We held the testimony regarding the threatening phone call was admissible under Indiana Rule of Evidence 404(b) as an admission of guilt. *Gaulden*, slip op. at 2.

On rehearing, Gaulden asserts we erred by not analyzing whether the evidence was admissible under Evid. Rule 403, which requires admissible evidence to be more probative than prejudicial. However, "[a]n analysis of admissibility under Rule 404(b) necessarily incorporates the relevancy test of Rule 401 and the balancing test of Rule 403." *Bennett v. State*, 883 N.E.2d 888, 893 (Ind. Ct. App. 2008), *trans. denied*. Further, as we explained in *Bennett*, evidence admissible under Evid. Rule 404(b) "is prejudicial only in the sense that it is highly probative of Bennett's perpetration of the charged offenses. . . . This evidence is not unfairly prejudicial in that it is not evidence of other wrongs, but of the charged offenses." *Id*. Therefore, our decision regarding the admissibility of Gaulden's threatening phone call implicitly included consideration of the balancing test required by Evid. Rule 403, and the admission of the evidence was not unfairly prejudicial simply because it proved Gaulden's guilt of the charged offenses.

We accordingly re-affirm Gaulden's conviction of and sentence for Class B felony robbery.

BAILEY, J., and BRADFORD, J., concur.